**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| POWER MANAGEMENT ENTERPRISES, LLC<br><br>                                            Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>                                            Defendant. | Civil Action No. 2:13-CV-00641-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT-PACKARD COMPANY'S ANSWER TO PLAINTIFF
POWER MANAGEMENT ENTERPRISES, LLC'S COMPLAINT FOR PATENT
INFRINGEMENT**

Defendant Hewlett-Packard Company ("HP"), by and through its undersigned attorneys, files this Answer to Plaintiff Power Management Enterprises, LLC's ("PME") Complaint for Patent Infringement, filed on August 19, 2013 (D1), as follows. Any allegation or averment not specifically admitted herein is denied.

**NATURE OF THE ACTION**

1.      HP denies all allegations in paragraph 1.

**PARTIES**

2.      HP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2, and therefore denies such allegations.

3.      HP admits that it is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304. HP admits that it is registered to do business in the State of Texas and has appointed CT Corporation Systems, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234 as its agent for service of process.

## JURISDICTION AND VENUE

4.  HP admits that district courts have exclusive jurisdiction of patent actions under 28 U.S.C. §§ 1331 and 1338.

5.  HP admits that it is subject to this Court's personal jurisdiction.  HP admits that it regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units. HP denies the remaining allegations of paragraph 5.

6.  HP admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400, but denies that venue is convenient for HP and its witnesses and HP reserves its right to seek transfer pursuant to 28 U.S.C. § 1404.

## OPERATIVE FACTS

### THE PATENTS-IN-SUIT

7.  HP admits that PME purports to be the owner of all right, title and interest in the Patents-in-Suit.

8.  HP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8, and therefore denies such allegations.

9.  HP admits paragraph 9.

10. HP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10, and therefore denies such allegations.

11. HP admits paragraph 11.

### THE INFRINGING PRODUCTS

12. HP admits that it uses, offers for sale, and sells disk storage systems, including,

but not limited to, the HP EVA P6000 storage system in the United States, but denies the remaining allegations in paragraph 12.

13. HP denies all allegations in paragraph 13.

14. HP admits that it uses, offers for sale, and sells computers, including, but not limited to, the HP EliteBook Folio 9470m in the United States, but denies the remaining allegations in paragraph 14.

15. HP denies all allegations in paragraph 15.

16. HP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16, and therefore denies such allegations.

17. HP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and therefore denies such allegations.

## COUNT ONE

### HP's Infringement of the '485 Patent

18. HP incorporates by reference its answer to Paragraphs 1-17.

19. HP denies all allegations in paragraph 19.

20. HP denies all allegations in paragraph 20.

## COUNT TWO

### HP's Infringement of the '488 Patent

21. HP incorporates by reference its answer to Paragraphs 1-20.

22. HP denies all allegations in paragraph 22.

## AFFIRMATIVE DEFENSES

Subject to the responses above, HP alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the

affirmative defenses described below, subject to its responses above, HP specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

23. Although PME has only alleged that HP directly infringes the Patents-in-Suit, HP does not infringe and has not infringed, directly or indirectly, and is not liable for infringement of any valid and enforceable claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

24. Based on information and belief, one or more claims of the Patents-in-Suit are invalid and/or unenforceable for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Limitation of Damages)

25. PME's claims for damages, if any, against HP are limited by 35 U.S.C. §§ 286, 287 and/or 288.  Moreover, PME has not alleged that it has suffered any damages for the alleged infringement of the '488 Patent by HP.

26. Based on information and belief, PME has failed to plead and meet the requirements of enhanced damages, attorney's fees or costs, or past damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

27. PME's complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

28. On information and belief, PME is barred in whole or in part by the doctrines of

laches, estoppel, acquiescence, and/or waiver from enforcing the Patents-in-Suit against HP.

## RESERVATION OF ADDITIONAL DEFENSES

29.     HP reserves the right to assert all other defenses under Rule 8(c) of Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## PRAYER FOR RELIEF

30.     HP denies that PME is entitled to any relief requested in paragraph 23 of the Complaint.

## GENERAL DENIAL

31.     Except as expressly admitted herein, HP denies each allegation contained in the Complaint.

## HP'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Hewlett-Packard Company ("HP"), counterclaims against Plaintiff and Counterclaim-Defendant Power Management Enterprises, LLC ("PME") as follows:

## PARTIES

1. HP is incorporated under the laws of Delaware with its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

2. Upon information and belief, PME is a Texas Limited Liability Company with its principal place of business at 719 W. Front Street, Suite 244, Tyler, TX 75702.  Upon information and belief, PME is registered to do business in the State of Texas and has appointed, Erich Spangenberg, Chateau Plaza, 2515 McKinney Avenue, Suite 1000, Dallas, TX 75201, as its registered agent for service of process.

## JURISDICTION & VENUE

3. This Court has personal jurisdiction over PME. PME is the named Plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Complaint for Patent Infringement against HP.

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but venue is not convenient for HP and its witnesses and HP reserves its right to seek transfer pursuant to 28 U.S.C. § 1404.  To the extent that this action remains in this District, venue is appropriate for HP's Counterclaims because Plaintiff has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

## COUNT ONE
## DECLARATORY JUDGMENT
## NON-INFRINGEMENT OF THE '485 PATENT

6. HP re-alleges and incorporates by reference paragraphs 1-5 of these Counterclaims.

7. PME has alleged that it is the owner of the entire right, title, and interest in United States Patent No. 5,895,485 ("the '485 patent").

8. PME has asserted that HP has infringed and is infringing the '485 patent.

9. HP does not, and did not, directly, indirectly, or under the doctrine of equivalents infringe any valid claim of the '485 patent.

10. An actual controversy exists between the parties regarding the infringement of the '485 patent by virtue of PME's allegations of infringement.

11. A judicial declaration is necessary and appropriate so that HP may ascertain its rights with respect to the '485 patent.

## COUNT TWO
## DECLARATORY JUDGMENT FOR INVALIDITY
## OF THE '485 PATENT

12. HP re-alleges and incorporates by reference paragraphs 1-11 of these Counterclaims.

13. PME has asserted that HP has infringed and is infringing the '485 patent.

14. One or more claims of the '485 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112.

15. An actual controversy exists between the parties regarding the validity of the '485 patent by virtue of PME's allegations of infringement.

16. A judicial declaration is necessary and appropriate so that HP may ascertain its rights with respect to the '485 patent.

## COUNT THREE
## DECLARATORY JUDGMENT
## NON-INFRINGEMENT OF THE '488 PATENT

17. HP re-alleges and incorporates by reference paragraphs 1-16 of these Counterclaims.

18. PME has alleged that it is the owner of the entire right, title, and interest in United States Patent No. 5,895,488 ("the '488 patent").

19. PME has asserted that HP has infringed and is infringing the '488 patent.

20. HP does not, and did not, directly, indirectly, or under the doctrine of equivalents infringe any valid claim of the '488 patent.

21. An actual controversy exists between the parties regarding the infringement of the '488 patent by virtue of PME's allegations of infringement.

22. A judicial declaration is necessary and appropriate so that HP may ascertain its rights with respect to the '488 patent.

## COUNT FOUR
## DECLARATORY JUDGMENT FOR INVALIDITY
## OF THE '488 PATENT

23. HP re-alleges and incorporates by reference paragraphs 1-22 of these Counterclaims.

24. PME has asserted that HP has infringed and is infringing the '488 patent.

25. One or more claims of the '488 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112.

26. An actual controversy exists between the parties regarding the validity of the '488 patent by virtue of PME's allegations of infringement.

27. A judicial declaration is necessary and appropriate so that HP may ascertain its rights with respect to the '488 patent.

## JURY DEMAND

28. HP demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, HP respectfully prays for the following relief:

(a) That the Court enter a judgment denying all legal and equitable remedies and relief sought by PME in the Complaint;

(b) That the Court declare that HP has not infringed any valid claim of the '485 and/or '488 patents;

(c) That the Court declare that the claims of the '485 and '488 patents are invalid and/or unenforceable;

(d) That the Court award HP reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 287; and

(e) That the Court award HP such other relief as this Court may deem just and proper.

| | |
|---|---|
| Date:  October 17, 2013 | */s/ Barry K. Shelton* |
| | Barry K. Shelton |
| | Texas Bar Number: 24055029 |
| | E-mail: Barry.Shelton@bgllp.com |
| | Alan D Albright |
| | Texas Bar Number: 00973650 |
| | E-mail: Alan.Albright@bgllp.com |
| | **BRACEWELL & GIULIANI LLP** |
| | 111 Congress Avenue, Suite 2300 |
| | Austin, Texas 78701 |
| | Tel: (512) 472-7800 |
| | Fax: (512) 472-0123 |
| | |
| | *ATTORNEYS FOR DEFENDANT* |
| | *HEWLETT-PACKARD COMPANY* |

1

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, per Local Rule CV-5(a)(3), which will send notification of such filing via electronic mail to all counsel of record.

                                              */s/ Barry K. Shelton*
                                              Barry K. Shelton